<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDGAR NOE PARRA-VARGAS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 05-2754(DRD) |
| | : | Crim. No. 94-177(DRD) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

Edgar Noe Parra-Vargas
Reg. No. 17741-050
FCI Fort Dix, East Side
P.O. Box 2000
Unit 5751
Fort Dix, New Jersey 08640
    Petitioner.

Christopher J. Christie
United States Attorney
United States Attorney's Office
970 Broad Street
Newark, New Jersey 07102
By:   Marion Percell
       Assistant U.S. Attorney
       Attorney for Respondent

**Debevoise, Senior United States District Judge**

     Petitioner, Edgar Noe Parra-Vargas, moves for relief from his judgment of conviction purportedly pursuant to Fed. R. Crim. P. 60(b). The court concludes that the petition is in effect a successive petition brought pursuant to 28 U.S.C. §2255, that unless the Court of Appeals grants petitioner leave to file such a successive petition this court does not have jurisdiction to entertain the petition, and that the petition should be dismissed without prejudice rather than

transferring it to the Court of Appeals.

## I. Background

On June 19, 1995 a jury found petitioner guilty of conspiracy to launder money. On November 13, 1995 he was sentenced. At that time the court found that petitioner had played a management and supervisory role in the offense and accordingly enhanced his Guideline score by three levels, which resulted in an imprisonment range of 188 to 235 months. The court sentenced petitioner to 188 months imprisonment, three years supervised release and a $2,000 fine.

On August 12, 1986 the Court of Appeals affirmed the judgment. On November 18, 1996 petitioner filed a petition to vacate his sentence pursuant to 28 U.S.C. §2255. The court dismissed all of petitioner's claims except the claim that his trial attorney had prevented him from testifying at trial. After further proceedings the court dismissed the petition with prejudice and with a certificate of appealability. On May 29, 2001 the Court of Appeals affirmed the dismissal.

On May 27, 2005 petitioner filed the instant motion. The government moves to dismiss petitioner's motion.

## II. Discussion

Petitioner seeks to vacate his conviction and be resentenced, asserting that in light of the Supreme Court's ruling in United States v. Booker, 125 S.Ct. 738 (2005) his sentence was imposed in violation of his Sixth Amendment rights. Were petitioner being sentenced today, Booker would preclude the court from adding the three levels of which petitioner complains, because his supervisor-manager role had not been established by a verdict of the jury and had simply been found by a judge applying a preponderance of the evidence standard. This raises the

question whether petitioner can challenge his 1995 sentence in this proceeding.

Although petitioner styles his pleading as one for relief under Rule 60(b)(4) and (5) it is under the law as established in this Circuit a §2255 motion to vacate, set aside and correct his sentence. In re Wagner, 421 F.2d 275, 277 (3d Cir. 2005) ('[t]hus, although it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), [defendant's motion] was in substance a motion under 28 U.S.C. §2255"). The Court of Appeals recently explained the rationale of the distinction between a Rule 60(b) motion and a §2255 application in the context of a §2254 case:

> [*727] We find the reasoning of the First, Fourth, Seventh, Eighth, and Ninth Circuits convincing. We are particularly persuaded by the First Circuit's explanation in Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003), that "AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." [HN4] We concur and hold that, in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured [**16] and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition. We believe that this rule is consonant with Congress's goal of restricting the availability of relief to habeas petitioners.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

In order to file a second or successive §2255 motion a movant must first file an application with the Court of Appeals for an order authorizing the district court to consider the motion. 28 U.S.C. §§2244(b)(3) and 2255. At this juncture, because petitioner has not obtained authorization to file the motion, this court is without jurisdiction to hear it.

The court has the option to dismiss petitioner's motion or to transfer it to the Court of Appeals so that that Court could decide whether to authorize a successive §2255 petition. The Court of Appeals recently held that Booker is not to be applied retroactively to cases on collateral

3

review and it further held that the Booker decision does not provide a basis for permission to file a second or successive §2255 motion. United States v. Olopode, 403 F.3d 159, 162 (3d Cir. 2005). That being the state of the law no purpose is served by transferring the instant motion to the Court of Appeals. Dismissal is appropriate. In accordance with the government's suggestion, the dismissal will be without prejudice in the event the Supreme Court should hold in the future that Booker is retroactive.

### III. Conclusion

The government's motion will be granted and the petition will be dismissed without prejudice and without issuance of a certificate of appealability. The court will file an appropriate order.

November 28, 2005

　　　　　　　　　　　　　　　　　　　　/s/ Dickinson R. Debevoise
　　　　　　　　　　　　　　　　　　　　DICKINSON R. DEBEVOISE
　　　　　　　　　　　　　　　　　　　　　　　　U.S.S.D.J.

4